UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROLYN FOSTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:14-cv-781 ) |
| STANDARD MUTUAL INSURANCE, INC., | ) ) ) ) |
| Defendant. | ) ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Carolyn Foster ("Foster"), by counsel, brings this action against Defendant, Standard Mutual Insurance, Inc. ("Defendant") alleging violations of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*

### II. PARTIES

2. Foster is a resident of Marion County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. § 1211 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 42 U.S.C. §2000e(b).

6. Foster was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. §2000e(f).

7. Foster satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on disability, race and gender. Foster received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. F<small>ACTUAL</small> A<small>LLEGATIONS</small>

9. Foster, an African-American female, was hired by Defendant in or about November 2010.

10. Most recently, Foster served as a Field Representative.

11. At all relevant times, Foster met or exceeded Defendant's legitimate performance expectations.

12. On January 8, 2013, Plaintiff was involved in a serious car accident

that resulted in her being transported by ambulance to IU Methodist Hospital West in Avon, Indiana.  Plaintiff was not released to return to work until January 14, 2013.

13.     Plaintiff underwent extensive testing following her accident.  She has been diagnosed with a temporomandibular joint (TMJ) disorder, a bulging disc to spine in her neck, a bulging disc in her lower back, a tear to a lower disc in her back, bursitis in both shoulders, nerve damage to her lower spine and Fibromyalgia.  As a result she suffers from chronic neck, back, joint and shoulder pain along with jaw pain and severe headaches.  She has undergone physical therapy, tens unit, mouth splint, various muscle relaxers, pain medications, cortisone injections and a steroid block to her lower back.  At present, Plaintiff continues to endure chronic pain resulting from her disability.

14.     Defendant is aware of Foster's condition.

15.     Despite her physical condition, Foster could perform the essential functions of her position.

16.     Foster had a lifting restriction that prevented her from using the Defendant's ladders to inspect roofs.  Foster's position, however, would only require her to use such a ladder 25 to 30 times a year.  Moreover, such inspections could be completed by sub-contractors as has occurred in the past or Foster could be assigned claims to investigate that did not involve inspections requiring a ladder.

17.     Defendant unilaterally decided that Foster could no longer perform her position on a full-time basis as a result of her restriction.  As a result, it reduced

Foster's hours from 40 per week to 20 per week beginning on April 17, 2013. Defendant considered the time that Foster was not working to be use of leave under the FMLA.

18. Foster suffers from a disability and/or Defendant perceived Foster as disabled as those terms are defined by the Americans with Disabilities Act.

19. Even if the ability to climb ladders was an essential function of Foster's position, there were several accommodations available that would have allowed Foster to continue working on a full time basis. For example, Defendant could have purchased a telescopic ladder that weighed approximately 20lbs. Defendant could have assigned Plaintiff automobile, general liability, workers compensation and property claims which do not involve the use of a ladder. Finally, Defendant could have assigned homeowner claims that involved steep pitched roofs or two story homes, because historically the Agents used an independent contractor to inspect the roofs in those situations.

20. Another possible accommodation would have been to assign Plaintiff additional administrative duties like it had for a similarly situated, non-African American male, co-worker. Specifically, Mike Huey, a Field Representative, was allowed to continue working full-time after he broke an ankle, which prevented him from climbing a ladder from August 3, 2009 to approximately February 2012.

21. Defendant did not allow Plaintiff to return to a full time schedule until December 10, 2013.

## V.  CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

22. Foster hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint.

23. Defendant discriminated against Foster on the basis of her disability.

24. Defendant's intentional and willful actions were taken in reckless disregard for Foster's rights as protected by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4).

25. Foster has suffered damages as a result of Defendant's unlawful actions.

### COUNT II:  VIOLATION OF TITLE VII – GENDER DISCRIMINATION

26. Foster hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27. Foster was subject to different terms and conditions of her employment based on her gender.

28. Defendant's actions were intentional, willful and in reckless disregard of Foster's rights as protected by Title VII of the Civil Rights Act of 1964.

29. Foster suffered damages as a result of Defendant's unlawful actions.

### COUNT III:  VIOLATION OF TITLE VII – RACE DISCRIMINATION

30. Foster hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint.

31. Foster was subject to different terms and conditions of her employment

based on her gender.

32. Defendant's actions were intentional, willful and in reckless disregard of Foster's rights as protected by Title VII of the Civil Rights Act of 1964.

33. Foster suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Carolyn Foster, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Foster to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Foster of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Telephone:   (317) 280-8611
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com

Attorneys for Plaintiff, Carolyn Foster

## DEMAND FOR JURY TRIAL

Plaintiff, Carolyn Foster, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Telephone:   (317) 280-8611
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com

Attorneys for Plaintiff, Carolyn Foster